UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| **JONATHAN JARVIS,** | |
| Plaintiff, | |
| V. | **CIVIL ACTION FILE NO.** |
| **METROPOLITAN ATLANTA RAPID TRANSIT AUTHORITY.** | **JURY TRIAL DEMANDED** |
| Defendant. | |

**COMPLAINT**

COMES NOW Plaintiff, Jonathan Jarvis, by and through undersigned counsel, The Kirby G. Smith Law Firm, LLC, and hereby files this Complaint, against Defendant, Metropolitan Atlanta Rapid Transit Authority ("MARTA"), stating as follows:

**I. JURISDICTION AND VENUE**

1. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331 over Counts I, II, III, and IV of this Complaint, which arise out of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000 et seq. ("Title VII") and Civil Rights Act of 1866, 42 U.S.C. § 1981 et seq. ("1981")..

2. This Court has personal jurisdiction over the parties because a substantial

portion of the employment practices described herein were committed within DeKalb County, GA, and Defendant is a resident of the State of Georgia.

3. Plaintiff exhausted all administrative remedies in this matter.

4. Venue is proper in this Court pursuant to 28 U.S.C. § 1391.

## II. PARTIES

5. Plaintiff is a citizen of the United States and a resident of Walton County, GA.

6. Defendant is a corporation registered to conduct business in the State of Georgia.

7. The majority of the events pleaded herein occurred at the work site of 2400 Piedmont Rd NE, Atlanta, GA 30324.

8. Defendant MARTA may be served through its registered agent, Elizabeth M. O'Neill, at 2424 Piedmont Road NE, Atlanta, Georgia 30324.

9. Defendant is subject to the requirements of the laws enumerated in the Jurisdiction and Venue section of this Complaint.

## III. FACTUAL ALLEGATIONS

10. Plaintiff began working as an Officer of the MARTA Police during December 2006.

11. Plaintiff was promoted to Sergeant in September 2016.

12. Plaintiff was the only Caucasian Sergeant in his precinct.

13. All other sergeants at Plaintiff's precinct were African-American.

14. On or around September 4, 2020, Plaintiff was not selected for an OIC/supervisor slot.

15. Plaintiff outranked the officer chosen.

16. On or around September 17, 2020, Officer Charles McQueen was on paid time off ("PTO").

17. Officer McQueen's PTO was previously approved by Lieutenant Russell on or around August 12, 2020.

18. Sergeant Bruno was in charge of the lineup on or around September 17, 2020.

19. Plaintiff was in charge of ground operations the same day.

20. Officer McQueen was included in the lineup roster that day.

21. Lineups are created two weeks before the lineup actually takes place.

22. On or around September 17th, Officer McQueen was not present in the lineup due to his PTO.

23. Plaintiff was disciplined when Officer McQueen did not show up for work.

24. Sergeant Bruno was not disciplined, though he was in charge of the lineup.

25. Plaintiff was never notified of Officer McQueen's PTO.

26. On or around September 22, 2020, Plaintiff filed a complaint with Major Davenport, an African-American supervisor, alleging racial discrimination.

27. Plaintiff based his complaint on the fact that he, a Caucasian man, alone faced discipline for the September 17 lineup incident while Officer Bruno, an African American man, was not disciplined.

28. Major Davenport took no action regarding Plaintiff's complaint.

29. Plaintiff's complaint was submitted to Human Resources ("HR").

30. On or around September 23, 2020, Lieutenant Russell launched an investigation into the September 17 lineup incident.

31. On or around October 4, 2020, Plaintiff was presented with a disciplinary action form by Lieutenant Russell based on the investigation into the September 17 lineup incident.

32. Plaintiff was assessed his second administrative offense.

33. On or around October 9, 2020, Plaintiff's disciplinary action form was changed from an administrative offense to a field offense by Major Davenport.

34. The updated disciplinary action form changed Plaintiff's second administrative offense to Plaintiff's third field offense.

35. Plaintiff asked Major Davenport why his disciplinary action form was modified to change Plaintiff's offense from a second administrative offense to a third field offense.

36. Major Davenport refused to provide an explanation.

37. Plaintiff modified his existing racial discrimination complaint to include Major Davenport's actions of changing Plaintiff's disciplinary action without explanation.

38. On or around October 30, 2020, Plaintiff was presented with an updated disciplinary action form.

39. The form showed that Major Davenport increased Plaintiff's discipline from counseling to a one day suspension and six months of probation subject to a Performance Improvement Plan ("PIP").

40. On or around November 2, 2020, Plaintiff was suspended at the end of the work day and placed on probation.

41. On or around mid-December 2020, Plaintiff was placed on administrative leave with pay.

42. Plaintiff was placed on administrative leave due to an incident earlier that month in which Plaintiff was allegedly involved in the use of force.

43. During the incident, another MARTA officer was attacked by a group of assailants at the Doraville MARTA station.

44. While the other officer arrested one of the perpetrators, three other assailants aggressively encroached upon the officer

45. Their actions prompted Plaintiff to get involved.

46. A verbal dispute ensued.

47. No physical contact was made between Plaintiff and the assailants.

48. Plaintiff appealed his administrative leave on December 16, 2020.

49. Plaintiff's appeal was denied.

50. On or around February 12, 2021, Plaintiff was called into the office by the Deputy Chief Pearlie McKenzie.

51. In this meeting, Plaintiff was told he was unfit to return to duty and was terminated.

## IV.  CLAIMS FOR RELIEF

## COUNT I: TITLE VII DISCRIMINATION

52. Plaintiff incorporates by reference paragraphs 1-51 of his Complaint as if fully set forth herein.

53. Plaintiff was qualified for his position. *Para.* 10, 11.

54. Plaintiff was a member of a protected class by virtue of his race. *Para.* 12.

55. Plaintiff suffered the adverse action of termination. *Para.* 51.

56. The treatment of similarly-situated African American employees of Defendant, versus that of Plaintiff, provides evidence of discriminatory animus. *Paras.* 16-51.

57. Defendant's business reasons for its actions are illegitimate. *Para.* 51.

## COUNT II: SECTION 1981 DISCRIMINATION

58. Plaintiff reasserts and incorporates Paragraphs 1 through 57 of this Complaint as if fully set forth herein.

59. Plaintiff is a member of a protected class by virtue of his race. *Para.* 12.

60. Plaintiff was qualified for the position at issue. *Paras.* 10, 11.

61. Plaintiff suffered the adverse action of termination. *Para.* 51.

62. The treatment of similarly-situated African American employees of Defendant, versus that of Plaintiff, provides evidence of discriminatory animus. *Paras.* 16-51.

63. Defendant's business reasons for its actions are illegitimate. *Para.* 51.

## COUNT III: TITLE VII RETALIATION

64. Plaintiff reasserts and incorporates Paragraphs 1 through 63 of this Complaint as if fully set forth herein.

65. Plaintiff was qualified for the position at issue. *Paras.* 10, 11.

66. Plaintiff participated in a protected activity. *Paras.* 26-37.

67. Management was aware of Plaintiff's protected activities. *Paras.* 26-37.

68. Plaintiff suffered the adverse action of termination. *Para.* 51.

69. The timing of Plaintiff's protected activities compared to Defendant's adverse actions against Plaintiff infer causation. *Paras.* 26-51.

70. Defendant's business reasons for its actions are illegitimate. *Para.* 51.

## COUNT IV: SECTION 1981 RETALIATION

71. Plaintiff reasserts and incorporates Paragraphs 1 through 70 of this Complaint as if fully set forth herein.

72. Plaintiff was qualified for the position at issue. *Paras.* 10, 11.

73. Plaintiff participated in a protected activity. *Paras.* 26-37.

74. Management was aware of Plaintiff's protected activities. *Paras.* 26-37.

75. Plaintiff suffered the adverse action of termination. *Para.* 51.

76. The timing of Plaintiff's protected activities compared to Defendant's adverse actions against Plaintiff infer causation. *Paras.* 26-51.

77. Defendant's business reasons for its actions are illegitimate. *Para.* 51.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays that this Honorable Court grant the following relief:

a. Trial by jury;

b. A finding that Defendant violated Plaintiff's rights as set forth herein;

c. Full back pay plus interest, front pay, compensatory damages, punitive damages, reasonable attorney fees, and costs in accordance with the Title VII and Section 1981; and

d. Any other relief this Court deems proper and just.

Respectfully submitted this 27th day of September, 2021.

/s/Terrence D.W. John
Terrence D.W. John
Georgia Bar No. 894778
Kirby G. Smith
Georgia Bar No. 250119
*Attorneys for Plaintiff*

THE KIRBY G. SMITH LAW FIRM, LLC
4488 N. Shallowford Rd.
Suite 105
Atlanta, GA 30338
T: (844) 454-7529
F: (877) 352-6253
tdj@kirbygsmith.com

## JURY DEMAND

Plaintiff requests a jury trial on all questions of fact raised by this Complaint.

Respectfully submitted this 27th of September, 2021.

/s/Terrence D.W. John
Terrence D.W. John
Georgia Bar No. 894778
Kirby G. Smith
Georgia Bar No. 250119
*Attorneys for Plaintiff*

THE KIRBY G. SMITH LAW FIRM, LLC
4488 North Shallowford Road
Suite 105
Atlanta, GA 30338
T: (844) 454-7529
F: (877) 352-6253
tdj@kirbygsmith.com

## **FONT AND POINT CERTIFICATION**

The Undersigned counsel for Plaintiff certifies that the within and foregoing COMPLAINT was prepared using Times New Roman, 14-point font in accordance with LR 5.1(B).

Respectfully submitted this 27th of September, 2021.

/s/Terrence D.W. John
Terrence D.W. John
Georgia Bar No. 894778
Kirby G. Smith
Georgia Bar No. 250119
*Attorneys for Plaintiff*

THE KIRBY G. SMITH LAW FIRM, LLC
4488 North Shallowford Road
Suite 105
Atlanta, GA 30338
T: (844) 454-7529
F: (877) 352-6253
tdj@kirbygsmith.com